UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY NORTHOVER,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 16-CV-6086 (KMK)
Case No. 11-CR-630 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Pro se petitioner Anthony Northover ("Petitioner") has filed a Petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated herein, the Petition is denied.

## I. BACKGROUND

On August 3, 2011, a grand jury returned Indictment S1 11-CR-630 ("the Indictment"), charging Petitioner and 46 co-defendants with conspiring to distribute, and possessing with intent to distribute, more than 280 grams of crack from in or about 2000 up to and including in or about August 2011, in violation of 21 U.S.C. §§ 846 and 841. ((Indict. ¶¶ 12-14 (Dkt. No. 4.))[1] The Indictment also charged Petitioner and most of his co-defendants with the use, possession, and discharge of firearms during and in relation to that narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c) and 2. (*Id.* ¶ 16.)

---

[1] Unless otherwise noted, docket citations refer to the 11-CR-630-30, the docket for Petitioner's underlying criminal case.

These charges followed an investigation of a violent street gang known as the "Elm Street Wolves," which operated in and around Yonkers during the time alleged in the Indictment. (*Id.* ¶ 1.) The Elm Street Wolves and their associates sold crack at, among other places, the intersection of Elm and Oak Streets. (*Id.* ¶ 2.) The Indictment alleged that certain members and associates of the Elm Street Wolves maintained firearms for use by other members and associates of the gang. (*Id.* ¶ 7). These firearms would be stored at readily-accessible locations and be used to, among other things, protect the gang's territory and attack rival gang members. (*Id.*)

The Government alleged that Petitioner was an active member of the Elm Street Wolves, a criminal organization whose members engaged in narcotics trafficking, assault with dangerous weapons, and murder. (*Id.* ¶¶ 12-14, 16.) Petitioner possessed crack cocaine in the vicinity of South Broadway and Post Street, (*id.* ¶ 15(dd)), was one of several members who maintained firearms for use by members and associates of the Wolves, (*id.* ¶ 16,) and participated in several acts of violence on behalf of the gang, including attempted murder of rival gang members, (Superseding Indictment ("S.I") ¶ 20 (Dkt. No. 670).

On October 7, 2013, Petitioner pled guilty, pursuant to a plea agreement (the "Plea Agreement"), to Counts Two, Seven, and Eight of the Superseding Indictment, which charged him with, respectively, racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to distribute and possess with intent to distribute crack, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and possessing firearms during and in relation to the drug trafficking crime charged in Count Seven and the racketeering conspiracy charged in Count Two, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Gov't Mem., Ex. A. ("Plea Agreement") at 1-2 (Dkt. No. 1198.)) Under the terms of the Plea Agreement, Petitioner waived his right to "file a direct appeal" or "to bring a collateral challenge . . . under Title 28, United States Code,

Section 2255 and/or Section 2241," or to "seek modification pursuant to Title 18, United States Code, Section n 3582(c), of any sentence within or below the Stipulated Guidelines Range of 157 to 181 months." (*Id.* at 9.) That provision bound the Parties "even if the Court employ[ed] a Guidelines analysis different from that stipulated to" in the Plea Agreement. (*Id.*).

Before accepting Petitioner's plea, the Court conducted a thorough Rule 11 allocution. *See* Fed. R. Crim. P 11(b). (Oct. 7, 2013 Plea Hearing ("Plea Tr.") (Dkt. No. 1198-2.) In particular, the Court confirmed that Petitioner was competent to enter a guilty plea, that Petitioner was fully aware of his constitutional rights and the waiver of many of those rights should he plead guilty, that Petitioner had had enough time to talk about the case with his attorney and was satisfied with his attorney's representation of him, that Petitioner was aware of the charges against him, and that Petitioner was aware of the statutory maximum and mandatory minimum sentences he faced. (Plea Tr. 7–40.) The Court also advised Petitioner that it was the Court, and only the Court, that would determine the appropriate sentence to impose, and that the Court was not bound by what the Parties agreed to in the Plea Agreement regarding the Guidelines Range. (*Id.* at 40–44.) The Court also informed Petitioner that it was not required to impose a sentence within the applicable Guidelines Range. (*Id.* at 43-44.) And the Court specifically discussed with Petitioner the meaning and significance of the appeal waiver provision, advising him that if the Court "impose[d] any sentence between the mandatory minimum . . . and 181 months . . ., [Petitioner] agreed not to appeal that sentence or legally challenge it." (*Id.* at 54-55.)

On December 17, 2014, the Court sentenced Petitioner to 97 months' imprisonment on Counts Two and Seven, and 60 months' imprisonment on Count Eight, to run consecutively, a sentence at the bottom of the applicable Guidelines range. (*See* Dkt. No. 1059.)

3

## II. DISCUSSION

A. Standard of Review of a Section 2255 Petition

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).[2] "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). To prevail on a collateral attack of a final judgment under § 2255, a petitioner must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted); *accord Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000).

In ruling on a § 2255 petition, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[2] Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

relief." 28 U.S.C. § 2255(b); *see also Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). A hearing is not required where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Instead, to justify a hearing, the petition must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle the petitioner to relief. *See Gonzalez*, 722 F.3d at 131.

B. Analysis

Petitioner asserts that he was not granted a downward departure at sentencing due to crimes of violence in his criminal history, and that, under *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), "this violence was ruled to be vague and unconstitutional when it comes to enhancing a sentence and denying a person his due process right to a fair sentencing." (Pet. Mot. at (Dkt. No. 1180.))

1. Waiver

As noted above, Petitioner agreed in the Plea Agreement that he would not "file a direct appeal," or litigate "under Title 28, United States Code, Section 2255 and/or Section 2241[,] ... any sentence within or below the Stipulated Guidelines Range." (Plea Agreement 9.) The Court specifically highlighted this waiver provision for Petitioner during the colloquy at the plea allocution. (Plea Tr. 54-55). Because the Court imposed a sentence within the Stipulated Guidelines Range, Petitioner must first overcome the hurdle imposed by this provision. *See Flamenco v. United States*, No. 11-CV-633, 2014 WL 775000, at *3 (E.D.N.Y. Feb. 24, 2014) ("Where a defendant knowingly and voluntarily waives his right to appeal [or bring a collateral challenge] if his sentence falls at or below a stipulated range pursuant to the plain language of a plea agreement, a challenge to the sentence must be dismissed.").

The Second Circuit "ha[s] long held that 'waivers of the right to appeal a sentence are

5

presumptively enforceable.'" *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (internal alterations omitted)). Indeed, courts have "repeatedly upheld the validity of such waivers" where they are "knowingly, voluntarily, and competently provided by the defendant." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000); *see also United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). "A knowing and voluntary waiver of the right to litigate pursuant to Section 2255 is also valid and enforceable." *Abramo v. United States*, No. 12-CV-1803, 2014 WL 1171735, at *8 (S.D.N.Y. Mar. 21, 2014); *see also Frederick v. Warden, Lewisberg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."); *Russo v. United States*, 313 F. Supp. 2d 263, 265 (S.D.N.Y. 2004) ("The [Second] Circuit has specifically held that a waiver of a right to appeal in a plea agreement includes a waiver of a right to file a § 2255 petition challenging his or her sentence." (citing *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995))).

A waiver is knowing if the "defendant fully understood the potential consequences of his waiver." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004) (citation omitted). In determining whether a defendant understood the consequences of a waiver, the district court is "entitled to rely upon the defendant's sworn statements, made in open court . . . , that he understood . . . that he was waiving his right to appeal a sentence below [the stipulated Guidelines range]." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001); *see also Abramo*, 2014 WL 1171735, at *9 (same).

The "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of [the Second Circuit's] jurisprudence." *Gomez-Perez*, 215 F.3d at 319. One area where the presumptive enforceability of a waiver may be overcome is by "an attack on the validity of the process by which the waiver has been procured." *Frederick*, 308 F.3d at 196.[3] For example, waivers do not prevent defendants from seeking relief from the underlying plea where . . . "[a]n ineffective assistance of counsel claim . . . concerns the advice the defendant received from counsel." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks, brackets and citation omitted). In such circumstances, the waiver is deemed not to have been knowing or voluntary. *See id.* In recognizing this exception, however, the Second Circuit has distinguished between "challenging the attorney's role in shaping the defendant's bargaining position[,] [which] cannot avoid the waiver, [and] challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's decision with the attorney's conduct." *Id.* In the latter case, the challenge is to the "constitutionality of the *process* by which [the defendant] waived [his right to appeal]." *Id.* (second alteration in original). "Thus, a claim of ineffective assistance that is unrelated to the plea bargaining process does not provide a basis upon which to invalidate a waiver of the right to

---

[3] There are other exceptions that can invalidate a waiver. *See Karimu v. United States*, Nos. 13-CV-1689, 10-CR-422, 2013 WL 4017168, at *3–4 (S.D.N.Y. Aug. 6, 2013) (discussing circumstances barring the application of a sentence/collateral challenge waiver provision in a plea agreement). One occurs when a court imposes a sentence based on certain "constitutionally impermissible factors," such as a defendant's race, ethnicity, or other prohibited biases. *See Gomez-Perez*, 215 F.3d at 319; *see also United States v. Johnson*, 347 F.3d 412, 415 (2d Cir. 2003) (indigent status); *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994) (naturalization status). Relatedly, the court's abdication of its judicial responsibility, by failing to offer *any* rationale for its sentence, can invalidate a waiver. *See United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). Another exception involves a breach of the plea agreement by the Government. *See Gomez-Perez*, 215 F.3d at 319. None of these circumstances has been, nor could be, alleged here.

7

challenge the conviction by appeal or by a Section 2255 proceeding." *Abramo*, 2014 WL 1171735, at *10. This means, for example, that a claim of ineffective assistance is waived when it relates to counsel's performance at the sentence. *See Djelevic*, 161 F.3d at 107 (holding that a claim that counsel was ineffective "not at the time of the plea, but at sentencing" does not survive the waiver); *Abramo*, 2014 WL 1171735, at *10 (noting that "counsel's alleged deficiencies at sentencing are . . . barred by [the] [p]etitioner's knowing and voluntary waiver of the right to collaterally attack the sentence" (citation and internal quotation marks omitted)).

Here, pursuant to the Plea Agreement, Petitioner agreed not to file a direct appeal or to bring a collateral challenge under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 157 to 181 months. (Exhibit A at 9). Petitioner received a sentence of 157 months, which falls within the Stipulated Guidelines Range. In his Petition, Petitioner does not argue that his waiver of appellate rights was uninformed or involuntary, nor could he given the clear terms of the Agreement and the Court's colloquy with Petitioner. *See Ferreira-Torres v. United States*, Nos. 08-CV-8025, 02-CR-1347, 2010 WL 2594909, at *2 (S.D.N.Y. June 28, 2010) (noting that the record established the petitioner's knowing and voluntary waiver of right to bring a § 2255 challenge to a sentence within the stipulated guidelines range). This waiver forecloses Petitioner's *Johnson* claim. *See Sanford v. United States*, 841 F.3d 578, 580-81 (2d Cir. 2016) (rejecting collateral attack of sentence based on *Johnson* because of an appeal waiver); *United States v. Blackwell*, 651 Fed. Appx. 8, 9-10 (2d Cir. 2016) (concluding that defendant's argument that his Guidelines range was improperly calculated in light of *Johnson* was barred by the waiver provision of the plea agreement); *Allen v. United States*, No. 03-CV-634, 2019 WL 4723141, at *2-3 (D. Conn. Sept. 26, 2019) (dismissing habeas petition bringing *Johnson* claim because of plea agreement appeal

8

waiver). Having gained the benefit of the bargain from the Plea Agreement, Petitioner now cannot collaterally attack the conditions on which that benefit was given. *See United States v. Simmon*, 153 F. Supp. 3d 617, 623-24 (S.D.N.Y. 2015) ("In the Second Circuit, parties may not challenge terms in a plea agreement unless enforcing the term would violate a defendant's due process rights . . . . Having stipulated in his plea agreement that his 2005 second degree robbery conviction is a 'crime of violence,' Defendant cannot argue the contrary now."). The Petition is thus dismissed as waived.

2. Merits

Petitioner does not argue that his convictions for any of Counts Two, Seven, or Eight are invalidated by *Johnson*. Rather, he contends that *Johnson* entitles him to a downward departure that he did not receive because "violence in [his] past history . . . was ruled to be vague and unconstitutional when it comes to enhancing a sentence." (Pet. Mot. at 4). The Petition should be independently denied on the merits. First, Petitioner wrongly assumes that *Johnson* applies to criminal history calculations under the Guidelines. However, *Johnson* dealt with the Armed Career Criminal Act ("ACCA") and that statute's application to conduct "that presents a serious potential risk of physical injury to another." *See* 135 S. Ct. at 2557 (declaring the residual clause of 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague). None of Petitioner's convictions had anything to do with the ACCA. Rather, Petitioner received a two-level enhancement to his offense level pursuant to USSG § 2A2.1(b)(1)(B), because the victim sustained serious bodily injury, and he received four criminal history points for previous state court convictions—two of which were drug-related, and one for resisting arrest—and two additional criminal history points for committing the instant offenses while on probation. Unlike the ACCA, "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause."

9

*Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The holding in *Johnson* is thus wholly inapplicable to Petitioner's case. Moreover, even if Guidelines calculations were susceptible to vagueness challenges, a challenge based on *Johnson* would not apply here. Petitioner was not sentenced under the Career Offender Section of the Guidelines, (USSG §§ 4B1.1 and 4B1.2,), let alone that provision of the Career Offender Section that mirrored the ACCA clause found unconstitutionally vague in *Johnson*, (USSG § 4B1.2(a) (2014)). Petitioner's Guidelines Range was calculated correctly, and any argument it was not is without merit.

Second, to the extent Petitioner intends to assert that *Johnson* invalidates any of his particular convictions, that argument also fails. *Johnson* does not disturb Petitioner's § 924(c) conviction because it involved both a drug trafficking crime and a crime of violence involving the use of force, not just the "risk of force." To be sure, Section 924(c)(3)'s definition of a "crime of violence" once contained both a "force clause" and a "risk-of-force clause," and the latter contained language similar to the residual clause of the ACCA that the Supreme Court struck down in *Johnson*. And recently, the Supreme Court in fact declared Section 924(c)(3)'s "risk-of-force clause" to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). In this case, however, the conduct to which Petitioner pled guilty involved both a drug-trafficking crime under Section 924(c)(2) and a crime of violence pursuant to Section 924(c)(3)(A)'s force clause— including conspiracy to murder and attempted murder. Because neither *Johnson* nor *Davis* affects convictions under these provisions of § 924(c), Petitioner's claim should be dismissed. Nor do the other statutes under which Petitioner was convicted, § 1962(d) and 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), contain language similar to the clauses found unconstitutional in *Johnson* and in *Davis*. Thus, Petitioner has no argument that the statutes he violated operate with similar infirmity.

10

Finally, to the extent that Petitioner relies on *Johnson* for the general proposition that a statute may be found unconstitutionally vague (rather than the specific determination concerning § 924(e)(2)(B)'s "risk-of-potential-injury" clause), that portion of *Johnson* did not announce a new rule of constitutional law, as the rule against vague criminal statutes is a longstanding one. *See Johnson*, 135 S. Ct. at 2556–57 ("The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391(1926))). The Anti-Terrorism and Effective Death Penalty Act of 1996 requires that motions under 28 U.S.C. § 2255 be filed within one year from one of several dates, including the date on which the right asserted was initially recognized by the Supreme Court. *See* 28 U.S.C. § 2255(f). Petitioner has not set forth any other basis under which his Petition could be deemed timely or authorized by statute.

## III. CONCLUSION

For the reasons discussed above, the Court dismisses Petitioner's Petition for Writ of Habeas Corpus.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010)

(citing *Coppedge* and finding that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of respondent and to close this case.

SO ORDERED.

Dated: November 19, 2019
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE